d

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

**SHARIFULLAH NEMATI #A221-197-009,**
**Plaintiff**

**CIVIL DOCKET NO. 3:26-CV-01381**
**SEC P**

**VERSUS**

**JUDGE VAN HOOK**

**U S IMMIGRATION & CUSTOMS ENFORCEMENT,**
**Defendants**

**MAGISTRATE JUDGE PEREZ-MONTES**

---

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus (ECF No. 1) under 28 U.S.C. § 2241 filed by Petitioner Sharifullah Nemati ("Nemati" or "Petitioner"), an immigration detainee at the Jackson Parish Correctional Center in Jonesboro, Louisiana. Petitioner challenges his continued post-removal-order detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001), and seeks release from custody.

Nemati has carried his initial burden under *Zadvydas* to show that there is no significant likelihood of removal in the reasonably foreseeable future. The Government has not rebutted that showing. Therefore, the Petition should be GRANTED, and Petitioner should be RELEASED.

## I. Background

Nemati is a native and citizen of Afghanistan. He entered the United States without inspection or admission on January 17, 2025. ECF No. 1-2 at 2–3; ECF No. 8-1 at 1. He has been detained since.

On September 2, 2025, an immigration judge found Nemati inadmissible under INA §§ 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) and denied his applications for asylum, withholding of removal, withholding under the Convention Against Torture, and deferral of removal under the Convention Against Torture. ECF No. 8-2 at 3, 5–6. The immigration judge ordered Nemati removed to Brazil or to Afghanistan. ECF No. 1-2 at 2; ECF No. 8-2 at 5. Nemati waived appeal, and the removal order became final on September 2, 2025. ECF No. 8-1 at 1–2; ECF No. 8-2 at 6.

Nemati alleges that he has cooperated with ICE's removal efforts by providing truthful information about his birthplace, citizenship, and family; furnishing a valid passport, photograph, and other identity documents; signing deportation paperwork; and agreeing to removal to a third country. ECF No. 1-2 at 3. Nevertheless, ICE has been unable to effectuate his removal.

Specifically, ICE informed Petitioner that Brazil and the Dominican Republic declined to accept him for removal. ICE then suggested removal to Qatar if Nemati could obtain a visa, but his family could not obtain one. Petitioner claims that ICE has repeatedly advised him that it had no available option for his removal. *Id.* Nemati additionally asserts that removal to Afghanistan is not foreseeable because Afghanistan does not have a repatriation agreement with the United States, and because the United States does not recognize the Taliban regime. *Id.*

In response, the Government submits the declaration of Acting Assistant Field Office Director Justin Williams. The Declaration confirms that Nemati is a native and citizen of Afghanistan, that ICE apprehended him on January 17, 2025, and that

he was ordered removed on September 2, 2025. ECF No. 8-1 at 1–2. It further states that ICE conducted a detention-and-removal review on February 17, 2026; uploaded a "180-day Panel Memorandum" on March 16, 2026; and forwarded that memorandum to the Unit Chief at Headquarters Removal International Operation ("HQ RIO") on May 23, 2026. *Id.*

The declaration contains no other details indicating that any country has agreed to accept Petitioner's removal. As of the declaration's June 25, 2026 execution date, the memorandum remained "pending a decision." *Id.*

## II. Law and Analysis

Petitioner does not ask the Court to vacate, review, or stay the September 2025 removal order. He challenges only his continued post-removal-order detention. The Court has jurisdiction to consider that challenge. *See Nguyen v. Noem*, No. 5:25-CV-176, 2026 WL 237282, at *6 (S.D. Tex. Jan. 28, 2026) ("Mr. Nguyen contests only his post-removal-period detention . . . rather than any aspect of his underlying removal order or the decision by DHS to execute it. Thus, . . . the Court retains jurisdiction to review his detention.").[1]

[1] *See also* Kokoreva *v. Unknown Party*, No. 3:25-CV-1700, 2025 WL 2981626, at *2 (N.D. Tex. Oct. 7, 2025) ("[T]he Court retains jurisdiction to review a noncitizen's detention insofar as that detention presents constitutional issues, such as those raised in a habeas petition.") (quotation omitted), report and recommendation adopted, 2025 WL 2980642 (N.D. Tex. Oct. 22, 2025); *Yousef v. Warden Richwood Corr. Ctr.*, No. 25-CV-1947, 2025 WL 3784489, at *2 (W.D. La. Dec. 10, 2025), report and recommendation adopted, 2026 WL 19378 (W.D. La. Jan. 2, 2026).

After entry of a final removal order, the Government ordinarily has 90 days to effectuate removal. *See* 8 U.S.C. § 1231(a)(1)(A). Section 1231(a)(6), however, permits detention beyond 90 days for a period reasonably necessary to bring about a detainee's removal from the United States. *See Zadvydas v. Davis*, 533 U.S. 678, 689, 701 (2001). Detention for up to six months is "presumptively reasonable." *Id.* at 701. Thereafter, if the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must respond with evidence sufficient to rebut that showing. *Id.*; *see also* 8 C.F.R. § 241.13.

The petitioner bears the initial burden of showing that there is no significant likelihood of removal in the reasonably foreseeable future. *See Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). Conclusory statements do not satisfy that burden. *See id.* at 543–44.

However, a petitioner is not required to "show the absence of any prospect of removal—no matter how unlikely or unforeseeable." *Zadvydas*, 533 U.S. at 702 (emphasis omitted). Rather, the petitioner must only establish good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.* at 701. Removal is not reasonably foreseeable merely because the Government continues its removal efforts. *See id.* at 702; *Lambert v. Warden*, No. EP-26-CV-00427-DB, 2026 WL 926216, at *3 (W.D. Tex. Apr. 6, 2026); *see also Rodriguez Romero v. Ladwig*, 827 F. Supp. 3d 779, 807 (M.D. La. 2026) ("'[C]ontinued efforts' or good faith efforts are not enough; *Zadvydas* itself rejected this idea."). The question

is not whether ICE has acted diligently, but whether removal is actually likely to occur in the near future. *See Khurami v. Garcia*, No. 1:25-CV-01672, 2026 WL 2122961, at *3 (W.D. La. July 1, 2026).

Here, Nemati's removal order became final on September 2, 2025. ECF No. 8-1 at 1–2. He has been in post-removal-order detention for more than 12 months, so his detention is no longer presumptively reasonable under *Zadvydas*. *See Shengelia v. Ortega*, No. 5:25-CV-1545, 2025 WL 3654368, at *3 (W.D. Tex. Dec. 16, 2025). And as the period of post-removal confinement grows, what counts as the "reasonably foreseeable future" correspondingly shrinks. *See Zadvydas*, 533 U.S. at 701.

Further, Nemati does not rely solely on the length of his post-removal-order detention or on conclusory statements. *Cf. Andrade*, 459 F.3d at 543–44. He attests that he cooperated fully with ICE's removal efforts by providing truthful identifying and family information, a valid passport, photographs, and other identity documents, and by signing deportation and third-country-removal paperwork. ECF No. 1-2 at 3.

Petitioner attests that ICE informed him that Brazil and the Dominican Republic declined to accept him, that Qatar may be a prospect only if his family could obtain a visa (which they could not do), and that there were no other options for his removal. *Id.* at 3, 7. He adds that the United States neither recognizes the ruling Taliban regime nor maintains a repatriation agreement with Afghanistan. *See Trejo v. Warden of ERO El Paso E. Montana*, 807 F. Supp. 3d 697, 705–06 (W.D. Tex. 2025) (allegations identifying a particular barrier to repatriation, and that ICE had not identified a country for removal, were not conclusory).

The burden therefore shifts to the Government to show that there is a significant likelihood of removal in the reasonably foreseeable future. Here, the Government has labeled Nemati's allegations as conclusory and unsupported, and then asserted only that ICE acted "swiftly and diligently" and is "simply waiting for responses from the receiving countries." ECF No. 8 at 4–5. Even construed broadly, these statements do not satisfy the Government's burden. *See Nabizada v. U.S. Immigr. & Customs Enf't*, No. 1:25-CV-01256, 2026 WL 788061, at *3 (W.D. La. Feb. 27, 2026) (finding the assertion insufficient where the removal order had been final for over twelve months "with no end in sight"), *report and recommendation adopted*, 2026 WL 785551 (W.D. La. Mar. 19, 2026). The declaration does not indicate that Petitioner's removal to any country is likely to occur at any point.

Moreover, the Government does not meaningfully address (or rebut with evidence) the substance of Petitioner's allegations. The Government does not deny that Brazil and the Dominican Republic declined to accept him. The Government does not further detail contacts with either country, or indicate how those contacts made removal more likely. And the Government does not identify any pending travel-document request; address the alleged Qatar-visa option; deny that ICE told Nemati it had no removal option; or otherwise identify any lack of cooperation by Nemati. ECF Nos. 8, 8-1.

Essentially, the declaration establishes that ICE conducted an internal review on February 17, 2026, and forwarded a "180-day Panel Memorandum" to HQ RIO on May 23, 2026. ECF No. 8-1 at 2. Neither the Government's response nor the

declaration identifies a country prepared to accept Nemati, an issued or pending travel document, or other affirmative evidence that removal is likely in the reasonably foreseeable future. The Government's showing is therefore insufficient.

## III. Conclusion

Petitioner has met his burden under *Zadvydas*, and the Government has failed to rebut that showing with evidence demonstrating a significant likelihood of removal in the reasonably foreseeable future. Accordingly,

IT IS RECOMMENDED that the Petition (ECF No. 1) be GRANTED, and that Petitioner be RELEASED subject to any necessary and/or reasonable conditions.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, September 29, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE