**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| SHARIFULLAH NEMATI | CIVIL ACTION NO. 26-1381 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| U.S. IMMIGRATION & CUSTOMS ENFORCEMENT | MAGISTRATE JUDGE PEREZ-MONTES |

**MEMORANDUM RULING**

The Federal Respondents moved for reconsideration of the judgment that granted Sharifullah Nemati's ("Petitioner") petition for writ of habeas corpus. Record Document 16. This Court granted that habeas petition because Petitioner had shown that there was not a significant likelihood of removal in the reasonably foreseeable future. *See* Record Documents 12, 13. The Federal Respondents, in their motion, argued that the judgment should be vacated or amended because it has new evidence of removal. Record Document 16-1 at 2. For the following reasons, the motion for reconsideration, Record Document 16, is **GRANTED IN PART**, and the judgment will be amended to change the release deadline from November 5, 2026 to November 30, 2026.

Federal Rule of Civil Procedure 59 "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). District courts must balance the competing interests of (1) the need to bring litigation to an end, and (2) the need to render just decisions based on all the facts. *Id.* At least one

other court has found that a change in an unlawful alien's removal proceeding is "newly discovered evidence" that justifies reconsideration of a *Zadvydas* claim. *See, e.g.*, *Rivero v. FNU LNU*, No. 26-349, 2026 WL 1679288, at *2 (D.N.M. June 10, 2026) (reversing the denial of a habeas petition because of "developments" in the government's removal efforts).

In this case, new evidence about the Federal Respondents' removal efforts warrants modification of this Court's judgment. After the judgment, Federal Respondents learned that Enforcement and Removal Operations had placed Petitioner on the manifest for a removal flight to Afghanistan. Record Document 16-1 at 2-3. That flight will occur "sometime in the middle of November 2026." Record Document 16-2 at 1. Because of this new information, the likelihood of Petitioner's removal has increased and releasing him prematurely could defeat the Federal Respondents' efforts. Accordingly, the Court will modify its original judgment to provide Federal Respondents with additional time to carry out Petitioner's removal.

## Conclusion

Considering the foregoing, the motion for reconsideration is **GRANTED IN PART**, and the judgment will be amended to change the release deadline from November 5, 2026 to November 30, 2026. A judgment consistent with the terms of this memorandum ruling shall issue herewith.

**DONE AND SIGNED** at Shreveport, Louisiana, this 3rd day of November, 2026.

Alex C. Van Hook

ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE